IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION No.: |
| CLARENDON HILL SOMERVILLE, LP; | ) | |
| LINDA HAMILTON; JILL OULLETTE; | ) | |
| DONNA MCCARTHY and | ) | |
| FHRC MANAGEMENT CORP. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMPLAINT

The United States of America ("United States") alleges as follows:

NATURE OF ACTION

1.    This action is brought by the United States to enforce Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, *et seq.*(the "Fair Housing Act"). This action is brought on behalf of Kadija Houmidi, Noureddini Gharouadi and their three minor children ("Complainants"), pursuant to 42 U.S.C. § 3612(o).

JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3612(o).

3.    Venue is proper under 28 U.S.C. § 1391(b) and 42 U.S.C. § 3612(o) because the events, acts or omissions giving rise to the United States' claims occurred in this judicial district.

PARTIES

4.      Plaintiff is the United States of America. The United States brings this action on behalf

of the Complainants Kadija Houmidi ("Ms. Houmidi"), Noureddini Gharouadi ("Mr.

Gharouadi") and their three minor children, who at all times relevant to the Complaint have been

residents of the District of Massachusetts.

5.      At all times relevant to the Complaint, Defendant Clarendon Hill Somerville, LP, a

partnership formed under the laws of the Commonwealth of Massachusetts, with a principal

place of business at 1374 Broadway, Somerville, Massachusetts, 02148, owned the subject

property known as Clarendon Hill Towers.

6.      At all times relevant to the Complaint, Defendant FHRC Management Corp. ("FHRC"), a

company incorporated under the laws of the State of Delaware, with a principal place of business

at 149 Colonial Road, Manchester, Connecticut, 06040, managed the subject property,

established the occupancy standard for the subject property, and exercised authority over the

occupancy standards of the subject property.

7.      Defendant Linda Hamilton, at all times relevant to the Complaint, was the Regional

Property Manager of the subject property.

8.      Defendant Jill Oullette, at all times relevant to the Complaint, was the Property Manager

of the subject property.

9.      Defendant Donna McCarthy, at all times relevant to the Complaint, was the Assistant

Property Manager of the subject property.

2

10.     The subject property is a "dwelling" within the meaning of the Fair Housing Act, 42

U.S.C. § 3602(b).  The subject property is a multi-unit subsidized housing development with 501

units located at 1366 Broadway in Somerville, Massachusetts, 02144.  The subject property

contains one, two and three bedroom units.  The subject property's two-bedroom units contain at

least 802 square feet, including one bedroom with at least 160 square feet and one bedroom with

at least 145 square feet.

## FACTUAL ALLEGATIONS

11.     On November 17, 2009, Defendant Linda Hamilton, FHRC's Regional Property

Manager, signed a tenant selection plan for Clarendon Hill Towers that established an occupancy

policy of two-persons-per-bedroom, "unless the square footage allows or requires otherwise."

Massachusetts Housing Finance Agency ("MassHousing") requires the development of an

approved tenant selection plan to be used to evaluate all tenant applications, and it must also

approve all requests for modification of the tenant selection plan.

12.     In October 2010, Ms. Houmidi applied for a subsidized two-bedroom rental unit at

Clarendon Hill Towers for herself and her family, and disclosed on her application that her

family included two adults, a 5-year-old, and 3-month-old twins.

13.     At all times relevant to this matter, the wait list for three-bedroom units was closed.

14.     Defendant Donna McCarthy told Ms. Houmidi that although there were no two-bedroom

units currently available, her family could join the waitlist for two-bedroom units.

3

15.    On November 22, 2010, FHRC sent Ms. Houmidi a letter stating that based on the information she had provided in her application, it appeared that she was eligible for an apartment and would be placed on the waiting list.

16.    Relying on FHRC's representation that her family was eligible for an apartment at Clarendon Hill Towers, Ms. Houmidi and her family did not actively pursue other housing opportunities while on the waiting list.

17.    In or about September 2011, Ms. Houmidi was told that she was within the top ten applications on the waiting list and she would be called for an interview appointment on September 7, 2011.

18.    Defendant Jill Oullette, Property Manager, reviewed the application and decided, in early November 2011, to deny Ms. Houmidi's application to rent a two-bedroom unit based on FHRC's occupancy policy.

19.    Ms. Houmidi received a rejection notice from FHRC, dated November 10, 2011, and signed by Donna McCarthy, stating that her application had been rejected because the "Maximum Occupants for two bedroom apartment is four (4) according to the Tenant Selection Plan."

20.    Pursuant to MassHousing's Tenant Selection Regulations, Ms. Houmidi requested a conference with MassHousing and Clarendon Hill Towers to appeal her rejection.

21.    MassHousing held the conference on December 5, 2011, which was attended by Ms. Houmidi, Ms. Ouellette, and a MassHousing conference officer.

22.     The MassHousing conference officer affirmed Clarendon Hill Towers' rejection of Ms.
Houmidi's application.

23.     Clarendon Hill Towers described the square footage of its two-bedroom units, in both its
tenant selection plan and in the material it provided to the MassHousing conference officer, as
having only 568.56 square feet, or as approximately 30% smaller than their actual size of at least
802 square feet.

24.     In December 2011, Ms. Houmidi appealed the MassHousing conference officer's
decision. On December 20, 2011, MassHousing affirmed the conference officer's determination
finding it was not clearly erroneous.

25.     As of March 2012, five five-person households occupied two-bedroom units at Clarendon
Hill Towers. Four of the five households added the fifth member to the household while living
in the two-bedroom unit. One household moved in to a two-bedroom unit with a family of five
before FHRC began managing Clarendon Hill Towers, and before FHRC revised the tenant
selection plan to include a two-person-per-bedroom occupancy policy.

26.     As applied to Complainants, Defendants' two-person-per-bedroom occupancy policy is
more restrictive than the Massachusetts State Sanitary Code. The Massachusetts State Sanitary
Code, 410.400, provides that every room occupied for sleeping purposes by more than one
occupant shall contain at least 50 square feet of floor space for each occupant.

27.     Under the Massachusetts State Sanitary Code, which was in effect at all times relevant to
this Complaint, the subject property's two-bedroom units, containing one bedroom of at least
160 square feet and one bedroom of at least 145 square feet, could legally accommodate five

5

occupants. Complainants could have met these criteria by having three people occupy the 160 square foot bedroom.

28.     According to the United States Census Bureau's 2011 American Community Survey (ACS) Public Use Microdata Sample (PUMS), there are 42,257 households containing five persons in Middlesex County, which includes the city of Somerville, and 38,167 of those households (or approximately 90.3%) include children.

29.     Given the overall size of the two-bedroom units at the subject property, the size of the bedrooms, the young age of Ms. Houmidi's and Mr. Gharouadi's children, and the absence of physical limitations or any state or local legal impediments to the occupancy of the units by a five-person household, the occupancy limitation imposed by Defendants unreasonably limited the ability of five-person households with children to rent two-bedroom units at the subject property.

### HOUSING AND URBAN DEVELOPMENT (HUD) ADMINISTRATIVE PROCEEDING

30.     Mr. Gharouadi filed a timely Complaint with HUD on or about December 6, 2011, under the Fair Housing Act, claiming that Defendants' occupancy policy discriminated against him, Khadija Houmidi, and their three minor children based on familial status in violation of the Fair Housing Act, 42 U.S.C. § 3601-3619.

31.     Pursuant to 42 U.S.C. § 3610(a) and (b), the Secretary of HUD conducted and completed an investigation of the Complaint. HUD attempted conciliation without success and prepared a final investigative report. Based on the information gathered in the investigation, the Secretary, pursuant to 42 U.S.C. § 3601(g)(1), determined that reasonable cause existed to believe that

illegal discriminatory housing practices has occurred. HUD issued a charge of discrimination on September 5, 2012, pursuant to 42 U.S.C. 3601(g)(2)(A), charging the named Defendants with engaging in discriminatory practices based on familial status, in violation of the Fair Housing Act.

32.     Respondents made a timely election to have the claims asserted in the HUD charge resolved in a civil action pursuant to 42 U.S.C. § 3612(a). On September 25, 2012, the Administrative Law Judge issued a Notice of Election to Proceed in United States District Court and terminated the administrative proceeding.

33.     Following this Notice of Election, the Secretary of HUD authorized the Attorney General to commence a civil action, pursuant to 42 U.S.C. § 3612(o).

### FAIR HOUSING ACT VIOLATIONS

34.     Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 33, above.

35.     By the actions set forth above, Defendants Clarendon Hill Somerville, LP; Linda Hamilton; Jill Oullette; Donna McCarthy; and FHRC Management Corp. have discriminated against Kadija Houmidi, Noureddini Gharouadi and their three minor children by making housing unavailable to them because of familial status, in violation of Section 804(a) of the Fair Housing Act, 42 U.S.C. § 3604(a).

36.     As a result of the conduct or actions of Defendants Clarendon Hill Somerville, LP; Linda Hamilton; Jill Oullette; Donna McCarthy; and FHRC Management Corp., Kadija Houmidi,

7

Noureddini Gharouadi and their three minor children suffered damages and are "aggrieved persons" within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(i), (k).

37. The actions of Defendants were intentional, willful, and taken in disregard of the federally protected rights of Kadija Houmidi, Noureddini Gharouadi and their three minor children.

PRAYER FOR RELIEF

WHEREFORE, the United States requests that the Court enter an order that:

A. Declares that Defendants Clarendon Hill Somerville, LP's; Linda Hamilton's; Jill Oullette's; Donna McCarthy's; and FHRC Management Corp.'s discriminatory practices, as set forth above, violate the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*;

B. Enjoins Defendants Clarendon Hill Somerville, LP; Linda Hamilton; Jill Oullette; Donna McCarthy; and FHRC Management Corp., their agents, employees, successors, and all other persons in active concert or participation with any of them from discriminating on the basis of familial status, in violation of the Fair Housing Act;

C. Enjoins Defendants Clarendon Hill Somerville, LP; Linda Hamilton; Jill Oullette; Donna McCarthy; and FHRC Management Corp, from failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the Complainants to the positions they would have been in but for the discriminatory conduct;

D. Enjoins Defendants Clarendon Hill Somerville, LP; Linda Hamilton; Jill Oullette; Donna McCarthy; and FHRC Management Corp., from failing or refusing to take such

affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of their unlawful practices;

     E.     Awards monetary damages to Ms. Houmidi, Mr. Gharouadi and their three minor children, pursuant to 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1); and

     F.     The United States further prays for such additional relief as the interests of justice may require.

Dated: December 19, 2012

Respectfully submitted,

ERIC H. HOLDER, Jr.
Attorney General

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

CARMEN M. ORTIZ
United States Attorney
District of Massachusetts

STEVEN H. ROSENBAUM
Chief

Jennifer A. Serafyn
Assistant United States Attorney
United States Attorney's Office
District of Massachusetts
1 Courthouse Way
John Joseph Moakley Courthouse
Boston, Massachusetts 02110
(617) 748-3100 (telephone)
(617) 748-3969 (fax)
 (617) 748-3969 (fax)
jennifer.serafyn@usdoj.gov

R. Tamar Hagler
Deputy Chief
Jennifer E. McAllister
Trial Attorney
United States Department of Justice
Washington, DC 20530
(202) 305-2011 (telephone)
(202) 514-1116 (fax)
jennifer.mcallister@usdoj.gov